# 22-3042 (L) 22-3050(Con)

## United States Court of Appeals
### For the Second Circuit

VIRGINIA GIUFFRE,

*Plaintiff - Appellee,*

v.

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

v.

GHISLAINE MAXWELL,

*Defendant,*

v.

JOHN DOE 107, JOHN DOE 171

*Objectors-Appellants,*

v.

MIAMI HERALD COMPANY, JULIE BROWN,

*Intervenor-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**OBJECTOR-APPELLANT JOHN DOE 107'S REPLY MEMORANDUM
IN SUPPORT OF EMERGENCY MOTION FOR A STAY**

Richard W. Levitt
Levitt & Kaizer
40 Fulton Street 17th Floor
New York, New York 10038
(212) 480-4000
*Attorneys for Objector-Appellant Doe 107*

December 5, 2022

## Table of Authorities

Cases                                                                                          Page(s)

*In re "Agent Orange" Prod. Liab. Litig.,* 804 F.2d 19 (2d Cir.
   1986) .................................................................................................. 5

*In re Adelphia Commc'ns Corp.,* 361 B.R. 337 (S.D.N.Y.
   2007) .................................................................................................. 5

*In re Advanced Mining Sys., Inc.,* 173 B.R. 467
   (S.D.N.Y.1994) .................................................................................... 5

*In re St. Johnsbury Trucking Co.,* 185 B.R. 687
   (S.D.N.Y.1995) .................................................................................... 5

*Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) ...................................... 2, 3

*Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir.
   2020) .................................................................................................. 7

*Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532
   (E.D. Va. 2020) ................................................................................... 7

*Giuffre v. Maxwell*, 827 F. App'x 144 (2d Cir. 2020) ................................ 8

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949
   F.2d 653 (3d Cir. 1991) ....................................................................... 5

*United States v. Erie Cty., N.Y.*, 763 F.3d 235 (2d Cir. 2014) ............. 7, 8

## REPLY MEMORANDUM IN SUPPORT OF DOE 107's
## MOTION FOR A STAY PENDING APPEAL

This memorandum is in reply to the Miami Herald and Virginia Giuffre's opposition to Doe 107's motion to stay the unsealing of certain documents pending appeal from the district court's unsealing order. Rather than permitting the present stay to expire and thereby denying Doe 107 review by this Court, we respectfully ask this Court to extend the stay pending appeal, consistent with the stay it granted to Ms. Maxwell in her previous appeal to this Court, where the Court ruled:

> It is hereby ORDERED that the motion for a stay pending appeal is GRANTED. The stay will remain in effect until further order of this Court. The motion for leave to file the exhibit under seal is GRANTED pending review of the matter and without prejudice to reconsideration nostra sponte. It is further ORDERED that the appeal is expedited. Appellant's principal brief must be filed on or before August 20, 2020; Appellee's and Intervenors' briefs must be filed on or before Case 20-2413, Document 30, 07/31/2020, 2897758, Page1 of 2 September 9, 2020; and a reply brief, if any, must be filed on or before September 15, 2020. The appeal will be heard on September 22, 2020 at 2:00 pm.

*See Giuffre v. Maxwell*, 20-2413, Doc 30 (2d Cir. July 31, 2020).

Turning to the merits, Ms. Giuffre claims "Doe 107 misstates" the applicable legal principles when we say "[b]ecause these documents were not filed as part of a dispositive motion they are not subject to required

1

unsealing." Doc 30-1 at 11.[1] Yet such is precisely the rule; documents such as those at issue here, which were not introduced at trial or in connection with summary judgment, are accorded only a low presumption that amounts to little more than a prediction of public access absent countervailing reasons:

> Once an item is deemed relevant to the exercise of judicial power, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Thus, while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that "play only a negligible role in the performance of Article III duties" are accorded only a low presumption that "amounts to little more than a prediction of public access absent a countervailing reason." Documents that are never filed with the court, but simply "passed between the parties in discovery, lie entirely beyond the presumption's reach."

*Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (footnotes omitted).

Such "countervailing reasons" exist here. Giuffre insists Doe 107 presents "little more than a generalized aversion to being associated with Jeffrey Epstein and Ghislaine Maxwell, as well as a fear that unsealing would unduly invade her privacy," Doc 30-1 at 11, but this couldn't be

---

[1] Unless otherwise noted, citations to "Doc." refer to the instant docket, 22-3042.

2

further from the truth: Doe 107 proffered that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, where the claim — along with all the other claims, Doe 107 asserts are entirely false and unproven — that Doe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Exhibit C to initial filing [redacted]. Neither Giuffre nor the Herald acknowledge these specific factual assertions, a failure pregnant with the admission that they precisely reflect the level of specificity sufficient to rebut the "low presumption" of public access afforded the documents in question. *Brown v. Maxwell*, 929 F.3d at 49–50.

In any event, it is the district court's decision – and not Doe 107's factual assertions – that lacks required specificity. Giuffre tells this Court "For three years, the District Court and the parties have diligently conducted a document-by-document review of the sealed material," Doc 30-1 at 1, yet the district court's oral opinion *does not reflect analysis of even one of the specific documents the release of which is at issue.*

3

As we argued in our initial filing, denying Doe 107 a stay will effectively deny Doe 107 an appeal since the subject matter of the appeal will thereby have been released for public consumption. Giuffre asserts, "Doe 107 has not cited a single Second Circuit case stating that the possibility that an appeal will become moot in the absence of a stay constitutes irreparable injury under the *Nken* standard." Doc 30-1 at 15. Thus, Giuffre does not dispute this reality but simply says, "too bad." In truth, however, effectively mooting Doe 107's appeal by denying the stay is unquestionably relevant to the *Nken* factors, and not "only" because Doe 107 will thereby be denied their right to appeal. This denial, in turn, implicates the *Nken* factor that the equities favor a stay. And dealing fairly with a credibly at-risk non-party such as Doe 107, who is entitled to an appeal as a matter of right, is surely in the public interest. Thus, we do not argue that equitable mootness alone requires a stay but rather that it provides an additional reason to grant one. This combined with the merit of Doe 107's appeal, based on the ███████████████████ ███████████████████████████████, both being circumstances Giuffre and the Herald assiduously avoid acknowledging, let alone addressing.

Furthermore, equitable mootness as a relevant factor to consider when determining a stay motion is hardly novel; numerous cases, in addition to the case we cited in our initial filing – *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991) – acknowledge this to be so. *See In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 348 (S.D.N.Y. 2007) (collecting cases).[2]

---

[2] *Id., citing, In re Norwich Historic Pres. Trust, LLC,* No. 3:05CV12, 2005 WL 977067, at *3 (D.Conn.2005) (acknowledging "persuasive" arguments that although foreclosure sale would not injure appellant, appellant's concern that his appeal would be mooted satisfied the irreparable harm requirement); *In re Country Squire,* 203 B.R. at 183 (staying a foreclosure sale where it was "apparent that absent a stay pending appeal ... the appeal will be rendered moot," resulting in a "quintessential form of prejudice" to appellant (quotation omitted)); *In re St. Johnsbury Trucking Co.,* 185 B.R. 687, 690 (S.D.N.Y.1995) (finding sufficient irreparable injury where denying a stay would threaten government's ability to appeal a bankruptcy court's decision); *In re Advanced Mining Sys., Inc.,* 173 B.R. 467, 468–69 (S.D.N.Y.1994) (finding irreparable injury prong met where, absent a stay of the bankruptcy court's order, the distribution of assets to creditors would moot any appeal and thus quintessentially prejudice appellants); … *Cf. In re "Agent Orange" Prod. Liab. Litig.,* 804 F.2d 19, 20 (2d Cir. 1986) (declining to lift the court's own stay of the implementation of a district court's scheme for the distribution of a settlement award because the pending appeals "involve[d] numerous complex issues arising out of [ ] extraordinary litigation," the objecting parties had "a right to appellate review," and "[d]istribution of the challenged settlement award before its validity [could be] tested would deprive those parties of that right").

Giuffre's argument that the "balance of the equities do not favor a stay pending appeal" is incomprehensible. She argues that "Doe 107's concerns about [their] reputation are not exclusive to [Doe]," but that Giuffre herself "has been publicly attacked and called a liar…." And that, "[a]ccordingly, Doe 107's statement that a stay would not substantially injure any other party to these proceedings is mistaken." Doc 30-1 at 16-17. We fail to understand Giuffre's point, unless Giuffre is simply arguing misery loves company.

Finally, Giuffre argues the public interest does not favor a stay because the right of access means a right to *immediate access*. *Id.* at 17. Yet a review of the district court docket reflects that the process by which the parties and the court have determined that certain documents should be unsealed has been ongoing *for years* with multiple appeals to this Court to assure these important decisions were made deliberately and with the parties' right to review being respected. It would be ironic indeed if the sole exception to this careful, deliberate process were to be denying an appeal to a non-party who has plausibly alleged that public disclosure would not merely hold the non-party up to public ridicule and embarrassment but could well jeopardize the non-party's safety, in a

6

world where the non-party has already ███████████████████

███████████████████

Under these circumstances it is inconceivable that the public's right to identify Doe 107 is of such overwhelming importance after all these years – and after the parties have fully settled their lawsuit[3] – that disclosure cannot even await decision upon an expedited briefing schedule.

The cases cited by the Miami Herald (Doc. 32 at 9), moreover, are inapposite because they do not concern exclusively private conduct. *Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) and *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532 (E.D. Va. 2020), concern the public's right to timely access newly filed civil complaints. Likewise, *United States v. Erie Cty., N.Y.*, 763 F.3d 235 (2d Cir. 2014), involved access to reports regarding compliance with a settlement agreement following a civil action brought by the federal government against a municipality that was violating the constitutional rights of

---

[3] *See* Giuffre memo, Doc 30-1 at 4: "After a long period of discovery, consisting of voluminous motion practice, testimony, and documents, the parties settled the case just days before the four-week trial was scheduled." *See also* district court (15-cv-7433) Doc 916, May 24, 2017, Stipulation of Voluntary Dismissal.

detainees, and this Court explained such issues "were manifestly ones of public concern" because "public's interest is one that directly relates to the 'functioning of governmental processes'" and "access enables the public to decide whether the Court and the parties—all governmental entities—are doing their jobs in fulfilling the terms of the settlement agreement." *Id.* at 242. Here, by contrast, the dispute is over unsealing judicial records containing disputed claims about highly private and personal matters that may expose nonparty Doe 107 to harassment or worse, referenced in discovery in a private action that has since been settled.

\*\*\*

For all these reasons the Court should grant a stay pending appeal as it did in Ms. Maxwell's appeal in *Giuffre v. Maxwell*, 827 F. App'x 144 (2d Cir. 2020), and, if deemed advisable, issue an expedited briefing scheduled.

Dated: New York, New York
December 5, 2022

Respectfully submitted,

Richard Levitt
Levitt & Kaizer
40 Fulton Street, 17th Floor
New York, NY 1038
(212) 480-4000
rlevitt@landklaw.com
*Attorneys for Doe 107*

## Certificate of Compliance

I certify pursuant to FRAP 32 and Local Rule 32.1 (a)(4)(A) that that the foregoing brief was prepared on a computer using Microsoft Word. The proportionally spaced typeface, font size and spacing used was the following:

Name of Typeface: Century
Point Size: 14
Line Spacing: Double

The total number of words in the brief, based upon Microsoft word count, exclusive of the cover, table of contents, table of authorities, and signature is 1,777.

Dated: December 5, 2022

*Z. Segal*

Zachary Segal