# 22-3042-cv(L), 22-3050-cv(CON)

# United States Court of Appeals

### *for the*

# Second Circuit

———◆———

VIRGINIA L. GIUFFRE,

*Plaintiff-Appellee,*

— v. —

SHARON CHURCHER, JEFFREY EPSTEIN,

*Respondents,*

— v. —

GHISLAINE MAXWELL,

*Defendant,*

— v. —

JOHN DOE 107, JOHN DOE 171,

*Objectors-Appellants,*

— v. —

JULIE BROWN, MIAMI HERALD MEDIA COMPANY,

*Intervenors-Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLEE

SIGRID S. MCCAWLEY
BOIES SCHILLER FLEXNER LLP
*Attorneys for Plaintiff-Appellee*
401 East Las Olas Boulevard,
Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................... iii

INTRODUCTION ................................................................................... 1

ISSUE PRESENTED ............................................................................... 2

STATEMENT OF THE CASE AND THE FACTS .................................... 2

SUMMARY OF THE ARGUMENT ........................................................ 5

STANDARD OF REVIEW ...................................................................... 6

ARGUMENT ......................................................................................... 8

I.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN
    ORDERING THE DOCUMENTS UNSEALED ............................... 8

    A.  The District Court Applied the Correct Weight to the Presumption of
        Public Access. ..................................................................... 8

        i.   The District Court Correctly Determined that the Material
             Ordered Unsealed are Judicial Documents. .................... 8

        ii.  The District Court Afforded the Sealed Materials Ordered
             Unsealed the Correct Weight of Presumption of Public Access.
             ......................................................................... 10

    B.  The Court Conducted a Particularized Review of the Documents. .... 11

    C.  The District Court Did Not Abuse its Discretion in Holding that Both
        Does' Countervailing Interests Do Not Outweigh the Presumption of
        Public Access. ................................................................... 12

        i.   Doe 107's Disagreement with the District Court's Decision
             does not Reflect an Abuse of Discretion. ...................... 12

        ii.  Doe 171 Misstates the Law in Arguing that the District Court
             Failed to Account for her Countervailing Interests. ......... 14

II. DOE 171'S NEW ARGUMENT CONCERNING INTERNATIONAL
    COMITY IS IMPROPER AND MERITLESS. .............................. 17

i

III.  THE DISTRICT COURT DID NOT NEED TO EXPLICITLY REJECT
      EACH OF THE DOES' ARGUMENTS....................................................19

CONCLUSION .........................................................................................20

CERTIFICATE OF COMPLIANCE........................................................21

CERTIFICATE OF SERVICE ................................................................22

# <u>TABLE OF AUTHORITIES</u>

**<u>Page(s)</u>**

<u>Cases</u>

*Anderson v. City of Bessemer City*,
  470 U.S. 564 (1985)................................................................................6

*Brown v. Maxwell*,
  18-2868, DE 283 (2d Cir. Aug. 9, 2019)............................................15

*Brown v. Maxwell*,
  929 F.3d 41 (2d Cir. 2019) ....................................................... passim

*Burke v. DOJ*,
  96-1739, 1999 WL 1032814 (D.D.C. Sept. 30, 1999) ........................16

*Devinsky v. Kingsford*,
  No. 05 Civ. 2064(PAC), 2008 WL 2704338 (S.D.N.Y. July 10, 2008) .............20

*DiRussa v. Dean Witter Reynolds Inc.*,
  121 F.3d 818 (2d Cir. 1997) ...............................................................11

*Doe v. New York City Housing Authority,*
  22-cv-4460 (LJL), 2022 WL 2072570 (S.D.N.Y. June 9, 2022) ........................16

*Emmy Tayler v. Julie K. Brown, et al.*,
  22-cv-61350-RS (S.D. Fla.)...............................................................19

*Fulson v. NPC Quality Burgers, Inc.*,
  18-2391, 2019 WL 1790051 (D. Kan. Apr. 24, 2019) ........................13

*Giuffre v. Maxwell*,
  827 F. App'x 144 (2d Cir. 2020) ..........................................................3

*Greene v. United States*,
  13 F.3d 577 (2d Cir. 1994) ...................................................... 6, 8, 17

*In re Parmalat Sec. Litig.*,
  258 F.R.D. 236 (S.D.N.Y. 2009) ..........................................................7

*In re Terrorist Attacks on Sept. 11, 2001*,
  03-MDL-1570 (GBD)(SN), 2019 WL 3296959 (S.D.N.Y. July 22, 2019) .........17

*Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt.*,
22 Civ. 4915 (AT), 2022 WL 8024206 (S.D.N.Y. Oct. 14, 2022)......................14

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006) ...........................................................7, 11

*Lytle v. JPMorgan Chase*,
810 F. Supp. 2d 616 (S.D.N.Y. 2011) ............................................7, 15

*Omari v. Ras Al Khaimah Free Trade Zone Authority*,
16 Civ. 3895 (NRB), 2017 WL 3896399 (S.D.N.Y. Aug. 18, 2017)..................18

*Paulsen v. County of Nassau*,
925 F.2d 65 (2d Cir.1991) .................................................................14

*Rita v. United States*,
551 U.S. 338 (2007).........................................................................20

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*,
482 U.S. 522 (1987)..........................................................................17

*Strauss v. Credit Lyonnais, S.A.*,
06-cv-702 (DLI)(MDG), 2011 WL 4736359 (E.D.N.Y. Oct. 6, 2011) ..............18

*United States v. Amodeo*,
44 F.3d 141 (2d Cir. 1995) .................................................................7

*United States v. Amodeo*,
71 F.3d 1044 (2d Cir. 1995) ...........................................................7, 11

*United States v. Avenatti*,
No. (S1) 19 CR. 373 (PGG), 2020 WL 70952 (S.D.N.Y. Jan. 6, 2020) ....... 14, 16

*United States v. Massino*,
356 F. Supp. 2d 227 (E.D.N.Y. 2005) ..................................................13

*Wiggins v. Nat'l Credit Union Admin*,
05-2332, 2007 WL 259941 (D.D.C. Jan. 30, 2007) ...............................16

*Zervos v. Verizon New York, Inc.*,
252 F.3d 163 (2d Cir. 2001) .................................................................6

iv

## **INTRODUCTION**

Non-Party Does 107's and 171's appeals are meritless, and this Court should reject their arguments. After this Court decided *Brown v. Maxwell*, 929 F.3d 41, 49-51 (2d Cir. 2019), the District Court has conducted an individualized review of materials that were previously sealed (the "Sealed Materials"). As part of this individualized review, the District Court has balanced the weight of the presumption of public access to judicial documents against the weight of any countervailing interests that counsel in favor of continued sealing or redacting.

The District Court has sought the input of the original parties to the underlying action, including Plaintiff-Appellee, Virginia Giuffre, and allowed non-parties referenced in the Sealed Materials the ability to argue why certain material should remain sealed. After an individualized review of each of the docket entries at issue, the District Court ordered (with limited exceptions) that the Sealed Materials concerning Does 107 and 171 be unsealed.

Does 107's and 171's appeals are premised on the view that the District Court "mischaracterized" factual claims (Doe 107 Br. at 9),[1] that it was "misguided" in its findings (Doe 171 Br. at 1), or that its decision was based on a "misunderstanding"

---

[1]     Citations to "DE" refer to this Court's docket at 22-3042, the lead case of which Doe 171's appeal (22-3050) is a member, and citations to "Dkt." refer to the District Court docket. Doe 107's brief filed at 22-3042, DE 113 is referred to as "Doe 107 Br." Doe 171's brief filed at 22-3050, DE 81 is referred to as "Doe 171 Br." The same style is adopted for citing to their respective Appendixes.

of law and fact.  Doe 171 Br. at 15.  Does 107 and 171 do not dispute that the District Court gave them a full opportunity to argue in favor of sealing; rather, they just do not like the outcome.  These appeals are no more than improper attempts to get a second bite of the apple.  Does 107 and 171 also improperly raise new facts and arguments that they did not raise (and therefore waived) before the District Court.

For the reasons set forth below, the District Court did not abuse its discretion in ordering the Sealed Materials unsealed, and this Court should affirm its rulings.

## ISSUE PRESENTED

Whether the District Court abused its discretion in ordering the unsealing of judicial documents that contain reference to Does 107 and 171.

## STATEMENT OF THE CASE AND THE FACTS

On September 21, 2015, Virginia Giuffre filed the Complaint in the underlying action that alleged that Ghislaine Maxwell defamed her by characterizing Giuffre's accusation of sexual assault and trafficking against Maxwell as "obvious lies."  Dkt. 1 at ¶ 30.  Giuffre pursued her case and after extensive discovery and motion practice the parties settled.  Much of the discovery record, however, remained sealed on the docket.

The Miami Herald intervened and requested to unseal the record to provide the public with the full scope of Jeffrey Epstein's sex-trafficking operation.  On July 3, 2019, this Court reversed the District Court's denial of The Miami Herald's

2

request. *Brown*, 929 F.3d at 44. In doing so, this Court broadly unsealed the summary judgment record and remanded the matter to the District Court, which was tasked with "conduct[ing] an individualized review of the sealed materials" and "unseal[ing] all documents for which the presumption of public access outweighs any countervailing privacy interests." *Id.* at 51.

Afterwards, the District Court adopted a protocol for conducting its individualized review. Dkt. 1044. This protocol allowed Giuffre, Maxwell, and non-parties mentioned in documents the ability to provide their input as to whether continued sealing is appropriate. *Id.* On October 19, 2020, this Court rejected Maxwell's appeal of the District Court's decision to unseal certain documents. *Giuffre v. Maxwell*, 827 F. App'x 144, 146 (2d Cir. 2020). This Court held that it "cannot conclude that the District Court abused its discretion in ordering the unsealing of the deposition materials" and reasoned that the "District Court's order articulated and applied the correct legal framework in its individualized review of the materials to be unsealed." *Id.* at 145.

The District Court continued its individualized review, and, as it pertains to Sealed Materials referencing Does 107 and 171, allowed the parties and those Does the opportunity to submit their views. Does 107 and 171 took advantage of that opportunity. Doe 107 App. at 152-56; Doe 171 App. at 162-74. Both Does were also allowed to file a memorandum of law in support of their objections. Dkt. 1108

3

¶ 2.d.  On March 18, 2022, Giuffre filed her response in opposition to Does 107 and 171's attempts, among other Does, at continued sealing.  Dkt. 1247.  On November 3, 2022, the District Court acknowledged receipt of the relevant briefing and set a hearing for November 18, 2022, to announce its decision.  Dkt. 1271.  The District court invited Does 107 and 171 to that hearing.  *Id.*

At the November 18, 2022, hearing, the District Court acknowledged receipt of Does 107 and 171's submissions.  Doe 107 App. at 137-38. The District Court proceeded to address each document individually that referenced Does 107[2] and 171.[3]  *Id.*  As detailed below, with limited exception, the District Court overruled Does 107's and 171's objections to unsealing.

On November 30, 2022, Doe 107 filed the instant appeal.  Dkt. 1277.  On December 1, 2022, Doe 171 filed her appeal.  Dkt. 1280.  And on December 11, 2022, the District Court rejected Doe 171's December 5 request for reconsideration, explaining that "Doe 171 chose what facts and issues of law to raise in [her] submissions and was heard by the Court prior to the Court's November 18 Order."  Dkt. 1294 at 7-8 ("The Court did not overlook or misunderstand Doe 171's

---

[2]     Dkt. 235-4, 235-12, 249-13, 280-1, 321-5, 363-7, and 423-4.  The versions of the documents that Doe 107 submitted as part of her appendix appear to have her notes and highlights on them.  Doe 107 App. at 161-238.  This material was not included on the sealed materials filed as part of the underlying litigation.

[3]     Dkt. 144-6, 150-1, 153-1, 172, 173-5, 173-6, 185-3, 185-15, 203, 211, 224, 228, 235-4, 235-12, 249-4, 249-13, 272-5, 280-1, 320, 321-1, 321-6, 339, 340-3, 363-7, 369-1, 369-5, 407-4, 407-9, 423-4, and 450-1.

submissions, nor does Doe 171 identify a basis for assuming so besides the fact that the Court decided the issue differently from the way Doe 171 would like.").

## SUMMARY OF THE ARGUMENT

Neither Doe 107 or 171 can demonstrate that the District Court's November 18, 2022, order represents an abuse of discretion or any other legal error. The District Court correctly applied the law in determining that the Sealed Materials were judicial documents that are afforded a presumption of public access. Doe 107 App. at 137. The District Court correctly recognized that, although the presumption of access was less weighty than compared to a dispositive motion, the Sealed Materials, as discovery motions and related documents, were still afforded a presumption of access. *Id.* The District Court then correctly weighed the countervailing interests against unsealing presented by Does 107 and 171. *Id.*. The District Court then largely unsealed the Sealed Materials, finding that the countervailing interests did not surmount the presumption of public access.

Neither Doe points to anything the District Court missed—instead, their appeals rest on the assumption that the District Court must not have appreciated their arguments enough. *See* Dkt. 1294 at 6-8. On appeal, both Does raise new arguments that were not presented before the District Court. Even considering these improperly raised arguments, neither Doe establishes that the District Court was somehow incorrect, much less that it abused its discretion.

5

## STANDARD OF REVIEW

When reviewing a district court's decision to seal a filing or maintain such a seal, this Court examines "the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Brown*, 929 F.3d at 47 (internal quotation marks and citation omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74 (1985).

"A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). Materials or arguments not raised at the district court may not be raised for the first time at the appellate court. *E.g.*, *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("To begin, it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

It is settled that there is a common law right to public access to judicial

6

documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*"). Once the court determines that documents are judicial documents and that a common law presumption of access therefore attaches, the court must determine the weight of that presumption.  *Lugosch*, 435 F.3d at 119.  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").

The party opposing access bears the "burden of demonstrating that such documents should be sealed," thereby rebutting the presumption of public access. *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 621 (S.D.N.Y. 2011); *see also Brown*, 929 F.3d at 47 (explaining that continued sealing requires a specific, on-the-record finding that there are higher countervailing interests that demonstrate that sealing is necessary); *Lugosch*, 435 F.3d at 125 (referencing movant's "burden of justifying protection of the documents" in light of presumption of access); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test"); *id.* ("The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently

7

serious to warrant protection.").

## **ARGUMENT**

### I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ORDERING THE DOCUMENTS UNSEALED.

#### A. The District Court Applied the Correct Weight to the Presumption of Public Access.

##### i. The District Court Correctly Determined that the Material Ordered Unsealed are Judicial Documents.

Both Does 107 and 171 argue that the Sealed Material relating to them that the District Court ordered unsealed on November 18 are not actually judicial documents or are otherwise entitled to only a minimal presumption of public access. Doe 107 Br. at 10-15; Doe 171 Br. at 16-20. Neither Doe raised this argument before the District Court, *see* Doe 107 App. at 152-56; Doe 171 App. at 162-74, and therefore waived their ability to assert the argument on appeal. *See Greene*, 13 F.3d at 586.

In arguing that the Sealed Materials are not judicial documents, Does 107 and 171 claim that each document, as it relates to them, was irrelevant to the District Court's exercise of its Article III powers. Doe 107 Br. at 14-15; Doe 171 Br. at 16-17. In making this argument both Does argue that the Sealed Materials were not actually relied upon by the District Court. Doe 107 Br. at 14-15; Doe 171 Br. at 16-17.

This argument, however, ignores this Court's holding in *Brown v. Maxwell*

8

stating:

> As our precedent makes clear, a court performs the judicial function not only when it rules on motions currently before it, but also when properly exercising its inherent "supervisory powers." A document is thus relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district's court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision.

929 F.3d at 49 (internal quotation marks and citations omitted).

This Court was clear that "the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Id.* at 50. Whether the District Court in fact relied on the documents or portions of them in making any decision does not go towards whether the document is a judicial document. *Compare Brown*, 929 F.3d at 50 ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error."), *with* Doe 107 Br. at 15 ("None of the foregoing entries, to the extent they identify Doe 107, were relevant to any motion pending before the district court, and they therefore should not be considered judicial documents at all.").

Here, the District Court correctly ruled that the Sealed Materials at issue were judicial documents entitled to a presumption of public access because they were attached to discovery motions Judge Sweet decided. Doe 107 App. at 137. Does 107's and 171's speculation as to whether the Sealed Material played a role in Judge

Sweet's decisions on these discovery motions does not affect whether something is a judicial document and should be rejected.

> ii. *The District Court Afforded the Sealed Materials Ordered Unsealed the Correct Weight of Presumption of Public Access.*

As a fallback to their arguments that the Sealed Materials are not judicial documents, Does 107 and 171 suggest that the Sealed Materials are only entitled to a minimal presumption of public access. Doe 107 Br. at 12; Doe 171 Br. at 17. Both Does base this argument on the belief that the Sealed Materials ordered unsealed only performed a "negligible" role in the judicial process, *see* Doe 171 Br. at 17, and, because they were attached to discovery motions, are afforded only a limited presumption of public access. *See* Doe 107 Br. at 15. That argument is incorrect, and the District Court correctly afforded the materials unsealed the correct weight of presumption.[4]

*First*, "[m]aterials submitted in connection with, and relevant to, discovery motions, motions in *limine*, and other non-dispositive motions are subject to a lesser—*but still substantial*—presumption of public access." *Brown*, 929 F.3d at 53 (emphasis added). The District Court correctly explained that, although the "presumption of public access is somewhat less weighty" for discovery motions as for dispositive motions, it is "nevertheless important to the public's interest in

---

[4] Does 107 and 171's briefs incorrectly suggest that the District Court ordered Dkt. 363-7 unsealed. Doe 107 Br. at 14-15; Doe 171 Br. at 12. But the District Court sustained the objections to unsealing as it relates to this document. Doe 107 App. at 143-44.

monitoring federal courts' exercise of their Article III powers." Doe 107 App. at 137. Contrary to what Does 107 and 171 suggest, the presumption of public access remains for materials associated with non-dispositive motions. Judicial documents enjoy a presumption of public access—not a presumption of continued sealing. *See Amodeo II*, 71 F.3d at 1049; *Lugosch*, 435 F.3d at 119. Even if certain documents are not afforded the highest weight of presumption of access, the party opposing unsealing must still articulate specific, countervailing reasons against unsealing. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). As the District Court correctly held, Does 107 and 171 failed to advance meritorious reasons to rebut the presumption of access.

### B. <u>The Court Conducted a Particularized Review of the Documents.</u>

Determining whether the party opposing unsealing has articulated countervailing reasons against unsealing that outweigh the presumption of public access requires a particularized review of the documents. *Brown*, 929 F.3d at 47-48. Doe 171 argues that the District Court did not conduct a particularized or individualized review of the Sealed Materials ordered unsealed. Doe 171 Br. at 17, 23. That argument is easily disproven.

At the November 18, 2022, the District Court stated that it "will now go through the documents and, needless to say, these findings are a result of the Court's particularized review of each document it has considered." Doe 107 App. at 139.

The District Court proceeded to list each document at issue and announce its findings with respect to each objecting Doe. The District Court also acknowledged the submissions and arguments on the record. *Id.* at 137-38. Doe 171's argument that the District Court did not conduct such particularized review is therefore demonstrably false.

**C. The District Court Did Not Abuse its Discretion in Holding that Both Does' Countervailing Interests Do Not Outweigh the Presumption of Public Access.**

      *i. Doe 107's Disagreement with the District Court's Decision does not Reflect an Abuse of Discretion.*

The District Court determined that the countervailing reasons against unsealing that Doe 107 presented did not outweigh the presumption of public access. It held:

> With respect to Doe 107, the motion to unseal is granted. Doe 107 objects essentially on the grounds that unsealing would connect that Doe with this case and would unnecessarily invade Doe 107's privacy. But generalized concerns of adverse publicity do not outweigh the presumption of public access, and the information contained in these excerpts is not particularly salacious, as opposed to the some of the other information we have all seen. Accordingly, the Court concludes that the presumption of public access overcomes any generalized interest that Doe 107 might have.

*Id.* at 146-47. As Doe 107 concedes, she was able to (and in fact did) present her arguments fully before the District Court. Doe 107 Br. at 16. The District Court further acknowledged those arguments at the start of its ruling. Doe 107 App. at

137-38.

Doe 107's current argument is essentially that the District Court somehow did not adequately appreciate the countervailing interests Doe 107 presented. But the District Court's disagreement with Doe 107 is not a basis for this Court to reverse its decision.

On appeal, Doe 107 presents the same arguments made to the District Court to argue that her interest in continued sealing is "substantial." Doe 107 Br. at 19. In doing so, Doe 107 insinuates that "unsealing for 'improper purposes' alone can justify sealing" and cites *Fulson v. NPC Quality Burgers, Inc.*, 18-2391, 2019 WL 1790051, at *4-5 (D. Kan. Apr. 24, 2019), for this proposition. Doe 107 Br. at 19. In *Fulson*, however, the court there reasoned that "The parties' arguments here don't carry the burden required to displace the strong presumption favoring public access." *Fulson*, 2019 WL 1790051 at *3. The District Court found similarly here, and Doe 107 fails to substantiate that any unsealing was for improper purposes.

Doe 107 further argues that the public's interest in unsealing is "nearly non-existent." Doe 107 Br. at 17. But the public's interest in monitoring the Article III functions of litigation concerning the abuse committed by Jeffrey Epstein and Ghislaine Maxwell is substantial. *See United States v. Massino*, 356 F. Supp. 2d 227, 235 (E.D.N.Y. 2005) (recognizing that law enforcement's efforts "to stamp out organized crime in this District" were "a matter of vital public concern" and that the

13

public had "a legitimate interest in being able to review materials that helped to ensure that the reputed boss of a notorious organized crime family will spend the rest of his natural life in a federal prison"). Moreover, the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir.1991) (internal quotation marks and citation omitted).

Although it acknowledged her arguments, the District Court found that Doe 107's presented countervailing interests did not outweigh the presumption of public access. That was the correct decision, and certainly not a legal error.

> ### ii. Doe 171 Misstates the Law in Arguing that the District Court Failed to Account for her Countervailing Interests.

Doe 171's connection to Epstein and Maxwell is substantially public,[5] and the fact that much of the information about her in the Sealed Materials is already public greatly diminishes any countervailing interests in favor of unsealing. *See, e.g.*, *Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt.*, 22 Civ. 4915 (AT), 2022 WL 8024206, at *2 n.1 (S.D.N.Y. Oct. 14, 2022) ("Courts consider whether materials sought to be kept under seal have already been publicized, as that weighs against sealing such materials."); *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 70952, at *6 (S.D.N.Y. Jan. 6, 2020) ("In considering whether

---

[5]     *E.g.* 22-3050, DE 23 at 1-2.

sealing is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public."); *Lytle*, 810 F. Supp. 2d at 626 ("While the conduct at issue may be potentially embarrassing to these employees . . . their names are already in the public record, and have been for several years.").

The District Court pointed to Doe 171's filing of a July 19, 2022, public lawsuit concerning her association with Epstein and references to her in unsealed portions of Maxwell's criminal trial transcript as some of the "Numerous other public sources that refer to Doe 171." Doe 107 App. at 140. The District Court repeated this analysis when it denied Doe 171's request for reconsideration. Dkt. 1294 at 9.

On appeal, Doe 171 suggests that her arguments were rejected because "there had been a public disclosure that Doe 171 was Ms. Maxwell's former employee." Doe 171 Br. at 20. That disclosure is not the entirety of what is public, however. Beyond Doe 171's public lawsuit and her appearance in Maxwell's criminal trial transcript, this Court has already unsealed materials referencing her in 2019 as part of its unsealing of the summary judgment record. *Compare* Doe 171 Br. at 19, *with Brown v. Maxwell*, 18-2868, DE 283 at 340 (2d Cir. Aug. 9, 2019).[6]

---

[6]    Doe 171 takes issue with this Court's unsealing of the summary judgement record and claims that she was not provided any prior notice. Doe 171 Br. at 8. There is no prerequisite for all persons mentioned in judicial documents to be notified before a court unseals documents. The

Doe 171 argues that this prior publication of her name somehow does not diminish her privacy interests. Doe 171 cites to inapposite law concerning FOIA,[7] which does not analyze the public's access to judicial documents. Doe 171 Br. at 22 (citing *Wiggins v. Nat'l Credit Union Admin*, 05-2332, 2007 WL 259941, at *7-8 (D.D.C. Jan. 30, 2007); *Burke v. DOJ*, 96-1739, 1999 WL 1032814, at *4 (D.D.C. Sept. 30, 1999). Unlike FOIA cases, when "considering whether sealing [judicial documents] is appropriate, an important consideration is, of course, whether the information sought to be kept confidential is already public." *Avenatti*, 2020 WL 70952, at *6.

Doe 171 also argues that the Sealed Material referencing her is somehow incorrect or fabricated, and that there is therefore no public interest in disclosure. *See* Doe 171 Br. at 27-28. Doe 171 may dispute the validity of the Sealed Materials, but courts are not charged with deciding on the credibility of deponents or the truth of statements contained in judicial documents. Rather, "the Court's mandate is to undertake a particularized review of each document and to (1) evaluate the weight of the presumption of public access to the materials; (2) identify and evaluate the weight of any countervailing interests; and (3) determine whether the countervailing

District Court would not seal materials that have already been published.

[7] Doe 171 also points to *Doe v. New York City Housing Authority* in support of her request for sealing. 22-cv-4460 (LJL), 2022 WL 2072570 (S.D.N.Y. June 9, 2022). That case involved a request for a plaintiff to proceed pseudonymously. *Id.* at *1. Given that Doe 171's identity is public, the case is inapposite.

interests rebut the presumption." Doe 107 App. at 136-37. The District Court did just there here.

## II. DOE 171'S NEW ARGUMENT CONCERNING INTERNATIONAL COMITY IS IMPROPER AND MERITLESS.

Doe 171 argues now that principles of international comity counsel in favor of sealing. Doe 171 Br. at 30-33. Doe 171 did not make this argument before the District Court, and it accordingly is improper to raise for the first time here. *See Greene*, 13 F.3d at 586.[8] Nevertheless, Doe 171 argues that given her self-proclaimed entitlement to anonymity under United Kingdom law, as a matter of international comity, the District Court should have kept Sealed Material referencing her sealed. This argument is baseless.

*First*, the caselaw Doe 171 relies upon for making this argument involve issues of foreign blocking statutes, international treaties, and distinctly foreign sovereign activities, among other things. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 524 (1987) (deciding issue concerning the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters); *In re Terrorist Attacks on Sept. 11, 2001*, 03-MDL-1570 (GBD)(SN), 2019 WL 3296959, at *1 (S.D.N.Y. July 22, 2019) (involving the

---

[8]     Doe 171 argued in an *ex parte* submission to the District Court that she was entitled to anonymity as a matter of United Kingdom law. Doe 171 App. at 167-68. The District Court allowed Doe 171 to submit *ex parte* and acknowledged the arguments raised within it. Dkt. 1294 at 5, 8.

Kingdom of Saudi Arabia seeking to seal certain documents produced during discovery that concerned senior Saudi government officials); *Omari v. Ras Al Khaimah Free Trade Zone Authority*, 16 Civ. 3895 (NRB), 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (involving material commissioned by a sheik within the United Arab Emirates); *Strauss v. Credit Lyonnais, S.A.*, 06-cv-702 (DLI)(MDG), 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011) (involving issues of French blocking statutes).

Doe 171 and the Sealed Material that references her do not implicate foreign policy or foreign sovereign concerns. Instead, Doe 171's only basis for reaching an international comity argument is that she is a United Kingdom national subject to "rights and privileges that the United Kingdom affords to its citizens and residents living in its borders, such as Doe 171." Doe 171 Br. at 32. But the unsealing of documents filed in a U.S. federal court, even if those documents concern a foreign national, does not implicate, much less conflict, with how the United Kingdom administers its own law within its borders.

Doe 171 asserts that the District Court's unsealing order could be construed as a waiver of whatever rights she may have within the United Kingdom. Doe 171 Br. at 33. But since Doe 171 has consistently opposed the District Court's unsealing order it is difficult to see how that argument survives any scrutiny. If anything, Doe 171's actions outside of this action are what would have voluntarily waived any right

to anonymity.  As the District Court noted, Doe 171 publicly filed a defamation action against Julie K. Brown of the Miami Herald in the Southern District of Florida.  *Emmy Tayler v. Julie K. Brown, et al*., 22-cv-61350-RS (S.D. Fla.).  Doe 171 claims that she drafted the complaint to avoid disclosing any new details about herself, but that claim does not negate the fact that she filed a public lawsuit concerning her association with Maxwell and Epstein.

Doe 171 argues that she was "required" to file that lawsuit before the statute of limitations expired, Doe 171 Br. at 9, but the act of filing any lawsuit is voluntary.

## III.  THE DISTRICT COURT DID NOT NEED TO EXPLICITLY REJECT EACH OF THE DOES' ARGUMENTS.

Doe 171 also takes issue with the fact that the District Court did not expressly address certain facts and argument previously raised by Doe 171 when rendering its order, such as the limited information concerning United Kingdom law she provided to the District Court.  *See* Doe 171 Br. at 33.  Doe 107 makes a similar argument. Doe 107 Br. at 2, 9, 16-17.  As explained above, the District Court properly considered the arguments Does 107 and 171 raised.

Far from abusing its discretion or committing a clear error, the District Court correctly determined the issues presented to it.  In rendering its decision, a court "is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically—or not—to arguments made by the parties." *Devinsky v. Kingsford*, No. 05 Civ. 2064(PAC), 2008 WL 2704338, at *3 (S.D.N.Y.

July 10, 2008); *see also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances. Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes the word 'granted' or 'denied' on the face of a motion while relying upon context and the parties' prior arguments to make the reasons clear. The law leaves much, in this respect, to the judge's own professional judgment.").

## **CONCLUSION**

For the foregoing reasons, the Court should affirm the District Court's November 18, 2022, unsealing order.


Dated: April 19, 2023                    Respectfully submitted,


By: */s/ Sigrid S. McCawley*
        Sigrid S. McCawley
        401 East Las Olas Blvd., Suite 1200
        Fort Lauderdale, FL 33301
        Telephone:  (954) 356-0011
        Facsimile:   (954) 356-0022

        *Attorney for Plaintiff-Appellee*
        *Virginia L. Giuffre*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(b) and L.R. 32.1(a)(4). It contains 4,906 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6). It has been prepared in proportionally spaced typeface using Microsoft Word in 14 pt. Times New Roman.

Dated: April 19, 2023

By: */s/ Sigrid S. McCawley*
Sigrid S. McCawley

21

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 19, 2023, I served a copy of Plaintiff-Appellee's Brief

via CM/ECF, which will send notification of the filing to all counsel of record.

Respectfully submitted,


By: */s/ Sigrid S. McCawley*
Sigrid S. McCawley
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022

*Attorney for Plaintiff-Appellee*
*Virginia L. Giuffre*