22-3042
*Doe 107 v. Giuffre*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
REENA RAGGI,
*Circuit Judges.*

---

DOE 107,

        *Objector-Appellant,*              22-3042

        v.

VIRGINIA L. GIUFFRE,

        *Plaintiff-Appellee,*

        v.

JULIE BROWN and MIAMI HERALD MEDIA COMPANY,

        *Intervenors-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR OBJECTOR-APPELLANT:                    RICHARD W. LEVITT, Levitt & Kaizer,
                                           New York, NY.


FOR PLAINTIFF-APPELLEE:                    SIGRID S. MCCAWLEY, Boies Schiller
                                           Flexner LLP, Fort Lauderdale, FL.


FOR INTERVENTORS-APPELLEES:                CHRISTINE WALZ (Scott D. Ponce, *on the
                                           brief*), Holland & Knight LLP, Miami, FL
                                           & New York, NY.


Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).


**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 18, 2022 order of the District Court be and hereby is **REMANDED**.


Objector-Appellant Doe 107 appeals from the November 18, 2022 order unsealing certain litigation materials that identify her. Doe 107 argues that the District Court abused its discretion by "ignor[ing]" her assertion that identifying her "could place her in mortal danger in her culturally conservative home country," in which "'honor' killings are a real risk," and "instead concluding [that] she . . . offered no more than generalized concerns of adverse publicity." Doe 107 Br. at 2, 20. (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.


"In reviewing a district court's order to seal or unseal, we examine the court's factual findings for clear error, its legal determinations de novo, and its ultimate decision to seal or unseal for abuse of discretion." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018) (internal quotation marks and citation omitted).


On the record before us, we cannot confidently hold that the District Court did not err in concluding that Doe 107's proffered facts constituted only "generalized concerns of adverse publicity [that] do not outweigh the presumption of public access." Sealed App'x at 146. In her submission to the District Court, Doe 107 stated that she had received "'hate mail' from someone who saw [her] name listed as a witness who may have information regarding [Jeffrey] Epstein's and [Ghislaine] Maxwell's alleged illegal conduct." Doe 107 Br. at 7. Doe 107 also stated that she resides in a country "where 'honor' killings are a real risk." *Id.* (brackets omitted).

We accordingly remand the cause so that the District Court may explore—with supplemental submissions from Doe 107 as necessary—whether Doe 107 has raised more than "generalized concerns of adverse publicity" that outweigh the presumption of public access to the litigation documents identifying her.

## CONCLUSION

We **REMAND** the cause so that the District Court may consider, consistent with this decision, whether to unseal certain litigation documents identifying Doe 107.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3